### FIHRER v. McKERNESS et al.

(Common Pleas of New York City and County, General Term. August 22, 1895.)

CONFLICTING EVIDENCE—REVIEW.
  A verdict on conflicting testimony sufficient to sustain it will not be disturbed.

Appeal from Fifth district court.

Action by Nathan Fihrer against Frederick J. McKerness and another for balance due on a contract. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before BISCHOFF, P. J., and GIEGERICH, J.

August L. Martin, for appellant.
Jacob Manheim, for respondent.

GIEGERICH, J. The plaintiff, by the terms of the written agreement made between himself and the defendants, agreed "to do the following work on the premises 116 and 119 Greene street, and 27 and 29 West Third street, viz. to complete four skylights made of galvanized iron No. 24, four ventilators with dampers, two gutters and leaders, and guarantee the same to be well finished, and with good material, for the sum total of $250." The defendants paid, on account of such work and materials, the sum of $180, leaving a balance of $70, for the recovery of which this action was brought. From the testimony of the plaintiff it appears that he complied with the conditions of the contract on his part, that he constructed the skylight according to the directions given him, and that he used the material approved by the defendants or their representative. The testimony on the part of the defendants, on the other hand, tended to show that the plaintiff, instead of using No. 24 galvanized iron, as called for by the contract, used an entirely different kind, known as No. 26, a kind of iron lighter and of less power of resistance, that the skylight was so improperly constructed that it leaked, and that

the plaintiff did not work in accordance with the defendants' instructions. The facts were fairly submitted to the jury, which determined the conflict of testimony in plaintiff's favor. We are satisfied from a careful examination of the evidence that it is sufficient to sustain the verdict of the jury, and we find no reason to interfere with their determination of the facts, in the absence of the elements which are requisite to review the same. The defendants' exceptions, taken to the rulings of the court, are, in our opinion, without merit, and for the foregoing reasons we think the judgment should be affirmed, with costs.